1  KEVIN P. ALLEN, State Bar No. 252290
   kallen@aghwlaw.com
2  ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
   180 Montgomery Street, Suite 1200
3  San Francisco, CA  94104
   Telephone:     (415) 697-2000
4  Facsimile:     (415) 813-2045

5  Attorneys for Defendants
   CITY OF SUNNYVALE and OFFICER JOHN
6  BOGNANNO

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN DOE,                          Superior Court of Santa Clara Case No.
                                       22CV405055
12                  Plaintiff,
                                       REQUEST FOR JUDICIAL NOTICE IN
13       v.                            SUPPORT OF NOTICE OF REMOVAL OF
                                       ACTION UNDER 28 U.S.C. § 1441 (FEDERAL
14  DEPARTMENT OF JUSTICE OF THE       QUESTION); DEMAND FOR JURY TRIAL
    STATE OF CALIFORNIA, et al.,
15
                    Defendants.
16

17       Pursuant to Federal Rule of Evidence 201, defendants CITY OF SUNNYVALE and

18  OFFICER JOHN BOGNANNO by and through its attorneys, request the Court take judicial

19  notice of the following:

20       1.      Attached as Exhibit "A," please find a true and correct copy of the complaint filed

21  in the Superior Court of the State of California, in and for the County of Santa Clara, entitled

22  *John Doe vs. Department of Justice of the State of California, et al.,* case number 22CV405055.

23       2.      Attached as Exhibit "B," please find a true and correct copy of all process,

24  pleadings, and orders served on Defendant in Santa Clara Superior Court case number

25  22CV405055, that are not already identified in Ex. "A."

26       The court may review "materials of which the court may take judicial notice," *Barron v.*

27  *Reich*, 13 F.3d 1370, 1377 (9th Cir.1994), including public records and "proceedings in other

28  courts, both within and without the federal judicial system, if those proceedings have a direct

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

                                       1                    NTC OF REMOVAL - RJN
                                                            CASE NO:

1   relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. Nov.2007) (quoting

2   *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir.2002).

3

4

5                                                  Respectfully submitted,

    Dated:  December 13, 2022                      ALLEN, GLAESSNER,
6                                                  HAZELWOOD & WERTH, LLP

7

8                                                  By:   */s/ Kevin P. Allen*
                                                        KEVIN P. ALLEN
9                                                       Attorneys for Defendants
                                                        CITY OF SUNNYVALE and OFFICER JOHN
10                                                      BOGNANNO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

548974.1

2

# EXHIBIT "A"

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

NOV 14 2022
CITY CLERK'S OFFICE
CITY OF SUNNYVALE

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
9/30/2022 4:35 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV405055
Reviewed By: A. Tam
Envelope: 10107221

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DEPARTMENT OF JUSTICE OF THE STATE OF CALIFORNIA, STATE OF CALIFORNIA,
CITY OF SUNNYVALE, OFFICER JOHN BOGNANNO, and DOES 1 to 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN DOE

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara County Superior Court

191 N. First St., San Jose, CA  95113

CASE NUMBER:
*(Número del Caso):*
22CV405055

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Millen, Esq., 119 Calle Marguerita #100, Los Gatos, CA  95032;  tel. (408) 871-2777; MikeMillen@aol.com

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)*  9/30/2022 4:35 PM   Clerk of Court | *(Secretario)*    A. Tam | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* City of Sunnyvale
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/14/2022

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

E-FILED
9/30/2022 4:35 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV405055
Reviewed By: A. Tam

1

Michael Millen
Attorney at Law  (#151731)
119 Calle Marguerita  Ste. 100
Los Gatos, CA  95032
Telephone:  (408) 871-2777
Fax:  (408) 866-7480
mikemillen@aol.com

2

3

4

5

Attorney for Plaintiff

6

7

8

SUPERIOR COURT OF CALFORNIA

9

COUNTY OF SANTA CLARA

10

JOHN DOE,

NO.: 22CV405055

11

Plaintiff,

(Limited Civil Case – Over $10,000)

12

v.

13

DEPARTMENT OF JUSTICE OF THE STATE
OF CALIFORNIA, STATE OF CALIFORNIA,
CITY OF SUNNYVALE, OFFICER JOHN
BOGNANNO, and DOES 1 to 50,

**COMPLAINT FOR CIVIL RIGHTS
VIOLATION**

14

**1.  42 U.S.C. § 1983**
**2.  False Arrest**
**3.  Negligence**
**4.  Information Practices Act – Civil
Code §1798 et seq**

15

16

Defendants.

17

18

Plaintiff alleges as follows:

19

1.   Plaintiff John Doe is a resident of the County of Santa Clara, California.  Because of the

20

nature of the allegations herein, plaintiff is identified by a pseudonym in order to preserve

21

confidentiality and to avoid any potential opprobrium, pursuant to applicable law, including

22

*Starbucks Corp. v. Superior Ct.* (2008) 168 Cal.App.4th 1436.

23

2.   Defendant State of California is a constituent state in the United States of America and

24

has as one of its departments the Department of Justice.

25

3.   The City of Sunnyvale is a municipal corporation in the State of California.  The City of

26

Sunnyvale has, as one of its constituent parts, a Department of Public Safety which, among other

27

things, provides police services.

28

1     4. At all times relevant to this complaint, John Bognanno was a sworn officer employed by

2     the City of Sunnyvale in its Department of Public Safety.

3     5. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously

4     named defendants were in some manner legally responsible for the unlawful actions, unlawful

5     policies, and unlawful practices alleged in this complaint.  Plaintiff will amend the Complaint to set

6     forth the true names and capacities of said defendants, along with the appropriate charging

7     allegations, when the same have been ascertained.

8     6. Venue is proper in this county because Plaintiff was wrongfully arrested and wrongfully

9     jailed in this county.

10    **ALLEGATIONS CONCERNING PLAINTIFF**

11    7. In October 2005, Plaintiff was convicted (via plea) of a misdemeanor violation of

12    California Penal Code §314.1 (indecent exposure) in a Santa Clara County Superior Court criminal

13    case.  For the years 2005 through 2020 Plaintiff registered as per Penal Code §290 et seq. at the

14    Sunnyvale Police Department.

15    8. On March 17, 2021, the Santa Clara County Superior Court entered an order vacating

16    the judgment of conviction in said criminal case and dismissing the charges.  Because Plaintiff was

17    no longer a person who had been convicted of an offense requiring registration under Penal Code

18    §290 et seq., Plaintiff had no ongoing legal duty to annually register at the police department.

19    9. In or about June 2021 Plaintiff was concerned that Plaintiff's criminal history record at

20    the California Department of Justice ("DOJ") was incorrect and erroneously continued to show a

21    conviction in said criminal case despite the fact that said conviction had now been vacated.

22    Plaintiff wrote a letter to the DOJ informing them that the criminal conviction had been vacated

23    and included a paper copy of the March 17, 2021, court order.

24    10. On or about July 2, 2021, the DOJ, in writing, acknowledged receipt of Plaintiff's June

25    2021 letter and stated that "Modification or deletion of this information can only occur at the

26    direction of the contributing agency or by order of the court having jurisdiction over the criminal

27    matter.  As such, please be advised your claim of alleged inaccuracy or incompleteness is in

28

1   process." A copy of the letter is attached as Exhibit A (with noted redactions for privacy). Plaintiff

2   received no further communication from the DOJ regarding the matter.

3       11. In or about October 2021, Plaintiff took a paper copy of the March 17, 2021, Order and

4   gave it to an officer at the Sunnyvale Police Department. Plaintiff explained to the officer on duty

5   that Plaintiff was no longer required to register. During this brief meeting, the officer did not

6   object or otherwise dispute Plaintiff's explanation of the situation nor did the officer suggest that

7   Plaintiff did in fact have a continuing duty to register.

8       12. On or about January 9, 2022, Plaintiff went to the Sunnyvale Police Department to

9   obtain a police report related to a recent traffic incident. To Plaintiff's great shock, Plaintiff was

10   arrested and put into jail on the charge of violation of Penal Code §290/§290.012 (failure to

11   register). Plaintiff is informed and believes that the police officer who arrested Plaintiff was John

12   Bognanno. Plaintiff was released many hours later that same day. To obtain release from jail,

13   Plaintiff had to sign a promise to appear at court. Plaintiff honored the commitment to appear and

14   in doing so missed work in the process, causing financial loss. Plaintiff is informed and believes

15   and thereon alleges that this Penal Code §290/§290.012 charge against Plaintiff was dismissed and

16   no further proceedings occurred.

17       13. Plaintiff is informed and believes and thereon alleges that Plaintiff was arrested by the

18   Sunnyvale Police partly, if not wholly, because the DOJ failed to promptly correct DOJ records

19   concerning Plaintiff after receiving credible information that the DOJ records were now incorrect,

20   and the unlawful practice of the Sunnyvale Police is to rely substantially (if not exclusively) on

21   DOJ records in determining whether a person has as duty to register as per Penal Code §290 et seq.

22   even if the police are presented with contrary information suggesting the DOJ records are incorrect.

23   It is also unclear as to whether the Santa Clara County Superior Court did or did not promptly

24   notify the DOJ of the March 17, 2021, reversal of Plaintiff's conviction and subsequent dismissal.

25   If it did not then it, too, shares responsibility as well for Plaintiff's harm.

26

27

28

1          **ALLEGATIONS CONCERNING TORT CLAIMS COMPLIANCE**

2          14.  In regard to the State of California, plaintiff has complied with the California Govt.

3    Tort Claims Act.  Plaintiff, through counsel, filed a Claim regarding these matters with the Cal.

4    Dept. of General Services which noted the claim as being as received on April 8, 2022.  Plaintiff,

5    through counsel, filed an Amended Claim with the same department which was noted as being

6    received on June 17, 2022.  Plaintiff has not received any formal response from the State Dept. of

7    General Services accepting or denying either the original Claim or the Amended Claim. Over 45

8    days have elapsed since said claims were submitted.

9          15.  Also in regard to the State of California, plaintiff, through counsel, filed a Claim

10   regarding these matters with the Judicial Branch on May 24, 2022, by presenting said claim to the

11   Santa Clara County Superior Court.  The Judicial Council of California rejected this claim on June

12   27, 2022.

13         16.  In regard to the City of Sunnyvale, plaintiff filed a claim with the City regarding these

14   matters on March 2, 2022.  Plaintiff, through counsel, filed an Amended Claim on April 11, 2022.

15   On May 6, 2022, the City of Sunnyvale gave formal notice that both claims were rejected in their

16   entirety.

17                          **ALLEGATIONS CONCERNING**

18                      **CRIMINAL OFFENDER RECORD INFORMATION**

19         17.  The DOJ is composed of various constituent parts, with one such part being called the

20   "California Justice Information Services Division" ("CJIS") which professes as its mission the

21   responsibility "to provide accurate, timely, and comprehensive criminal history and analysis data to

22   its client agencies, which include California's local police and sheriff's departments, district

23   attorneys, and local and state regulatory agencies."  (https://oag.ca.gov/careers/descriptions/cjis).

24         18.  The data kept by the CJIS is specifically defined in 22 Cal. Code of Regulations

25   §100343.1 as follows:

26             "Criminal Offender Record Information" or "CORI" means records and data
               compiled by criminal justice agencies for purposes of identifying criminal offenders
27             and of maintaining as to each such offender a summary of arrests, pretrial

28

1    proceedings, the nature and disposition of criminal charges, sentencing, incarceration,
     rehabilitation, and release.

2

3                    *IMPORTANCE OF CORRECT CORI RECORDS*

4           19.  The DOJ's CORI records are used in wide variety of settings which fundamentally

5    affect the ability of California residents to function in society.  District Attorneys use CORI when

6    they charge criminal enhancements and also when making charging decisions for criminal suspects

7    based in part upon whether the suspect's CORI shows a checkered past.  Police use CORI to

8    determine whether a subject has violated a registration requirement (such as wrongly happened

9    with Plaintiff) and as a guide in investigating and questioning "likely suspects".  Judges use CORI

10   to determine the severity of sentencing for apparent repeat offenders while state licensing bureau

11   administrators use CORI to determine whether an applicant is eligible for a license.  Employers

12   may rescind job offers and landlords may deny housing to those whose CORI shows convictions.

13   In short, outdated or incorrect CORI can completely deny citizens the ability to effectively work or

14   live in California.

15

16                *FAILURE TO MAINTAIN ACCURATE CORI RECORDS*

17              *AND INSTITUTE REASONABLE PROCESSES FOR CORRECTIONS*

18          20.  The California Legislature has recognized the importance of accurate CORI and in

19   Penal Code §11126 has set forth a detailed procedure for the DOJ to follow when someone

20   (deemed an "applicant") requests that their CORI record be corrected.  Once the DOJ agrees that

21   the record is incorrect based upon the applicant's provided source material, the DOJ has 30 days to

22   inform the applicant of the correction.  If the DOJ questions the applicant's source material it may

23   request that the outside agency clarify the record and respond within 30 days.  Once the DOJ

24   refuses to alter the record it must notify the applicant within 30 days and offer him or her the right

25   to an administrative adjudication.

26          21. As comprehensive as this remedial CORI corrective scheme may appear, there are

27   several glaring omissions in these timelines such that there is no mention of:

28

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA  95032
(408) 871-0777

**COMPLAINT**                                                                              Page 5

1    A) The length of time the DOJ has to begin, and then complete, its initial review of the

2    record review request and submitted material;

3    B) The length of time the DOJ has to make its final decision if records are not needed

4    from an outside agency;

5    C) The length of time the DOJ has to request that an outside agency clarify the record

6    and then process the outside agency's response and give a final decision.

7    22. The DOJ has neither allocated sufficient staff nor appropriate processes and policies to

8    carry out, in a reasonably timely fashion, its duty to maintain accurate CORI and to correct

9    inaccurate CORI. It is well aware of the unacceptable backlog times CJIS has in regards to

10   correcting clearly erroneous records and the harm that these incorrect records cause the public.

11   23. The DOJ's unacceptable handling time was amply demonstrated by the fact that the

12   DOJ, after being presented with a copy of a court order showing Plaintiff's conviction having been

13   reversed and the case dismissed, did not correct Plaintiff's CORI even after the elapse of seven

14   months. Given that the court order could have been verified as authentic by contacting the court

15   itself or the Deputy District Attorney who handled the matter (and whose email and phone contact

16   information was listed on the order), there was no legitimate reason for Plaintiff's CORI to remain

17   inaccurate for so long apart from lack of training, understaffing and/or unworkable bureaucratic

18   regulations and rules.

19   24. An obvious partial-solution to this problem would be to spend additional funds hiring

20   CJIS staff to clear the backlog. Assuming that the fully burdened cost of a document verification

21   clerk is $125,000 per year, CJIS could hire 80 clerks for $10 million. However, in the 2020-2021

22   budget, the governor *reduced* the CJIS budget by $10 million and instead shifted the $10 million to

23   the Bureau of Forensic Services (which provides DNA testing and on-site crime scene support).

24   (See 2020-2021 DOJ budget Analysis, https://lao.ca.gov/handouts/crimjust/2021/DOJ-Budget-

25   021021.pdf, p. 3).

26

27

28

**FIRST CAUSE OF ACTION**

**(VIOLATION OF 42 U.S.C. §1983)**

**(As Against City of Sunnyvale and Officer John Bognanno Only)**

25.  Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

26.  The City of Sunnyvale and its police officers knew or should have known that Plaintiff was no longer required to register under Penal Code §290 et seq. once they were presented with the court order which vacated that conviction.

27.  The unlawful seizure, arrest, and other actions and inactions of the defendants and their employees, representatives and agents constitute either intentional conduct and/or grossly negligent violations of the right to be free from unjust, arbitrary, unreasonable and capricious governmental action which violates the constitutional rights of the Plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

28.  The City of Sunnyvale failed to issue policies and supervise and train its enforcement officers to adequately document in the file and research the legal necessity of continuing §290 registration for residents whom the City had reason to believe may have been relieved of registration requirements.

29.  Plaintiff suffered damage and is entitled to compensation therefore.

**SECOND CAUSE OF ACTION**

**State Law (False Arrest and False Imprisonment)**

**(As Against All Defendants)**

30.  Plaintiff incorporates by reference paragraphs 1 to 24 as if fully restated here.

31.  Plaintiff had previously provided documentary proof to both the Sunnyvale Police Department and the DOJ that, as of March 17, 2021, there was no lawful conviction against plaintiff for violation of any law requiring registration pursuant to Penal Code §290 et seq.

1      32. Nevertheless, the Sunnyvale Police Department falsely arrested and imprisoned

2 plaintiff, and plaintiff is informed and believes and thereon alleges that this was done partially or

3 wholly based upon incorrect information provided by the DOJ.

4      33. Plaintiff suffered damage and is entitled to compensation therefore.

5                            **THIRD CAUSE OF ACTION**

6                              **State Law (Negligence)**

7                            **(As Against All Defendants)**

8      34. Plaintiff incorporates by reference paragraphs 1 to 24 as if fully restated here.

9      35. All Defendants had a legal responsibility for the receipt, retention, management,

10 correction, release, and usage of their records.

11      36. Defendants breached those these duties in numerous ways including, but not limited, to

12 the following: (a) keeping inaccurate records in their files concerning Plaintiff's criminal history

13 and P.C. §290 registration requirements when Defendants knew or should have known that the

14 records were inaccurate; (b) failing to implement policies and procedures to timely follow up on in

15 information which, on its face, showed that their records were incorrect; (c) failing to hire, train,

16 and monitor sufficient staff to ensure that inaccurate or changed records were corrected in a

17 reasonable amount of time; (d) immediately upon receipt of information which, on its face, showed

18 that Defendants' records concerning plaintiff were incorrect, to place some sort of note or flag on

19 the file which would clearly communicate to the receiver of those records that the accuracy of the

20 record was in question and should not be relied upon without independent verification; (e) delaying

21 in transmitting correct information to any state or local agency for whom a Defendant was

22 responsible to so transmit.

23      37. Plaintiff suffered damage caused by Defendants' breaches and is entitled to

24 compensation therefore.

25

26

27

28

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**COMPLAINT**                                                               Page 8

1

**FOURTH CAUSE OF ACTION**

2

**State Law (Information Practices Act – Civil Code §1798 et seq.)**

3

**(As Against The State of California)**

4

    38.  Plaintiff incorporates by reference paragraphs 1 to 24 as if fully restated here.

5

    39.  Under Civil Code §1798.18, all departments of the State of California have a duty to

6

"maintain all records, to the maximum extent possible, with accuracy, relevance, timeliness, and

7

completeness" and, when transferring someone's record outside of state government, "shall correct,

8

update, withhold, or delete any portion of the record that it knows or has reason to believe is

9

inaccurate or untimely."

10

    40.  The DOJ and the State of California (of which the DOJ is a constituent part) is liable

11

under Govt. Code §815.6 for its failure to comply with Civil Code §1798.18.

12

    41.  Under Civil Code §1798.45(b), plaintiff may bring a civil action against the DOJ and

13

the State for its failure to maintain its records concerning plaintiff with accuracy, relevancy,

14

timeliness, and completeness because, as a proximate result of such failure, plaintiff was

15

incorrectly and adversely determined to have a duty to register under Penal Code §290 et seq. and

16

by consequence wrongfully arrested.

17

    42.  Plaintiff suffered damage caused by the Defendants' breach of this statutory duty and is

18

entitled to compensation therefore.

19

20

    WHEREFORE, Plaintiff prays that this Court:

21

**ON THE FIRST CAUSE OF ACTION:**

22

    1.  Award general and special damages to plaintiff;

23

    2.  Award costs, interest and attorneys' fees to plaintiff pursuant to 42 U.S.C. §1988 and

24

other pertinent federal law;

25

    3.  Grant such other and further relief as the court deems just and proper.

26

27

**ON THE SECOND CAUSE OF ACTION:**

28

1    1. Award general and special damages to plaintiff;

2    2. Award costs to plaintiff;

3    3. Grant such other and further relief as the court deems just and proper.

4

5    **ON THE THIRD CAUSE OF ACTION:**

6    1. Award general and special damages to plaintiff;

7    2. Award costs to plaintiff;

8    3. Grant such other and further relief as the court deems just and proper.

9

10   **ON THE FOURTH CAUSE OF ACTION:**

11   1. Award general and special damages to plaintiff including those available under Civil

12   Code §1798.48(a);

13   2. Award costs and attorney's fees to plaintiff pursuant to Civil Code §1798.48(b);

14   3. Grant such other and further relief as the court deems just and proper.

15

16

17

18   Dated: September 30, 2022

19                                            MICHAEL MILLEN, ESQ.
20                                            ATTORNEY FOR PLAINTIFF

21

22

23

24

25

26

27

28

**COMPLAINT**

1    **JURY DEMAND**

2    Plaintiff hereby requests a jury trial in this matter.

3

4

5    Dated: September 30, 2022

6    MICHAEL MILLEN, ESQ.
     ATTORNEY FOR PLAINTIFF
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**COMPLAINT**                                                                Page 11

EXHIBIT "B"



**ROB BONTA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

*Bureau of Criminal Information and Analysis*
Record Review and Challenge Section
P.O.Box 160207
Sacramento, CA 94203-4170

7/2/2021

**REDACTED**

Re:     California Criminal History Information
        CII # .**REDACTED**

Dear     **REDACTED**

This correspondence is in response to your written communication dated 6/25/2021, regarding your claim of alleged inaccuracy or incompleteness in your California state summary criminal history record as maintained by the California Department of Justice (DOJ).

Under California Penal Code Sections 11120-11126, the Record Review and Challenge Section assists individuals who would like to order a copy of their own California summary criminal history record, and dispute the material matter contained therein.

The DOJ is required, pursuant to California Penal Code section 11105(a)(2), to record specific arrest, disposition, and personal identification information when reported by a law enforcement agency or court of this state. Modification or deletion of this information can only occur at the direction of the contributing agency or by order of the court having jurisdiction over the criminal matter. As such, please be advised your claim of alleged inaccuracy or incompleteness is in process. Upon conclusion of the DOJ's findings, you will receive a written response.

If you have further questions or concerns regarding your record review, please direct your correspondence to the Record Review and Challenge Section at the address provided above.

Sincerely,

Record Review and Challenge Section
Record Quality Services Program
Bureau of Criminal Information and Analysis

For  ROB BONTA
     Attorney General

RR-21
04/2021

Ex. A

# CIVIL LAWSUIT NOTICE

***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER: _____22CV405055_____

| PLEASE READ THIS ENTIRE FORM |
|---|

***PLAINTIFF*** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> ***DEFENDANT*** (The person sued):  **You must do each of the following to protect your rights:**
>
> 1.  You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
> 2.  You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
> 3.  You must attend the first Case Management Conference.
>
>    **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

***RULES AND FORMS:***  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

***CASE MANAGEMENT CONFERENCE (CMC):***  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.***  You may ask to appear by telephone – see Local Civil Rule 8.

| |
|---|
| **Your Case Management Judge is:** _____Kirwan, Peter_____ **Department:** _____19_____ |
| The 1st CMC is scheduled for:  (Completed by Clerk of Court) |
| Date: _02/28/2023_ Time: __3:45 PM__ in **Department:** _____19_____ |
| The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed) |
| Date: _____ Time: _____ in **Department:**_____ |

***ALTERNATIVE DISPUTE RESOLUTION (ADR):***  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.