**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA ACTING BY AND THROUGH THE DEPARTMENT OF JUSTICE,<br><br>            Defendant. | Case No. 5:22-cv-08685-BLF<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT** |

On September 30, 2022, this action was commenced in the Superior Court of California for the County of Santa Clara. *Doe v. Dep't of Just. of the State of Cal. et al.*, No. 22-cv-405055 (Santa Clara Super. Ct.). The suit was removed to the United States District Court for the Northern District of California on December 13, 2022, based on federal-question jurisdiction. ECF No. 1 at 1–2. Plaintiff's federal cause of action was asserted against Defendants City of Sunnyvale and Officer John Bognanno. ECF No. 2 at 11. On August 17, 2023, the Court approved a stipulation of dismissal with prejudice as to all causes of action against Defendants City of Sunnyvale, Officer John Bognanno, and all Doe defendants alleged to be City of Sunnyvale employees, contractors, or agents. ECF No. 35.

A district court may "decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021). "[I]n the usual case in which all federal-law claims are eliminated before trial, the [values set out in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)] will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Since all parties against

which Plaintiff asserted federal claims have now been dismissed, nothing suggests that the instant matter is any more than a usual case in which the *Gibbs* values point the Court toward declining to exercise jurisdiction over the remaining state claims. The Court is therefore inclined to remand this matter to the Superior Court of California for the County of Santa Clara.

Accordingly, the Parties are ORDERED TO SHOW CAUSE, in writing and no later than September 10, 2024, why this case should not be remanded to the state court.

**IT IS SO ORDERED.**

Dated: August 19, 2024

_____
BETH LABSON FREEMAN
United States District Judge